NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUL 29 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RALPH DURAN; MICHAEL ESPARZA, | No. 23-16155 |
| Plaintiffs-Appellants, | D.C. No. 3:22-cv-06120-CRB |
| v. | |
| CALIFORNIA DEPARTMENT OF FORESTRY AND FIRE PROTECTION; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Argued and Submitted July 10, 2024
San Francisco, California

Before: FRIEDLAND, MENDOZA, and DESAI, Circuit Judges.

Ralph Duran and Michael Esparza ("Plaintiffs") appeal the dismissal of their

lawsuit challenging the COVID-19 testing policy adopted by the California

Department of Forestry and Fire Protection ("CAL FIRE") during the height of the

COVID-19 pandemic. We affirm the dismissal because Plaintiffs lack standing.

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Plaintiffs "must demonstrate standing separately for each form of relief sought." *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 185 (2000). Here, Plaintiffs seek essentially two categories of relief. One category aims, through declaratory and injunctive relief, to prevent CAL FIRE, the California Department of Human Resources ("CalHR"), and the Directors of CAL FIRE and CalHR (collectively, "Defendants") from re-instituting the mandatory testing policy. The other seeks an injunction requiring Defendants to try to get Color, a COVID-19 testing service that is not a party to this case, to take various actions. Plaintiffs lack standing because they have failed to allege facts supporting imminent injury for the first category of relief and have failed to allege facts supporting redressability for the second category of relief.

To have standing to seek forward-looking relief—either declaratory or injunctive—Plaintiffs must allege an imminent injury. *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013); *see also City of Los Angeles v. Lyons*, 461 U.S. 95, 104–05 (9th Cir. 1983) (applying the same standard to injunctive and declaratory relief). As to the first category of relief, Plaintiffs have failed to allege facts suggesting that there is a "substantial risk" that they will be subject to the testing policy in the future. *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014). The testing policy had ended by the time Plaintiffs filed this lawsuit. Although Plaintiffs allege that "[i]t remains possible, even likely, that testing mandates may

2

remain in place for some employees who are unvaccinated or refuse to disclose their vaccination status," they provide no reason to believe that a return to the testing policy is likely, and they do not specify what this subset of employees would be, whether Plaintiffs would be a part of it, and whether they would again be subject to the same Color privacy policies that Plaintiffs challenge here.  It is Plaintiffs' burden to establish each element of standing, *see Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992), and Plaintiffs' speculation is not sufficient to establish a substantial risk of being subject to the challenged practices in the future.

Plaintiffs lack redressability with respect to the second category of relief because the success of the requested remedies depends on the independent actions of a third party.  Precedent dictates that redressability cannot rest on the independent actions of third parties, whose actions the court can neither control nor reliably predict.  *See Glanton ex rel. Alcoa Prescription Drug Plan v. AdvancePCS Inc.*, 465 F.3d 1123, 1125 (9th Cir. 2006); *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 41–42 (1976).  The Supreme Court recently reaffirmed that principle.  *Murthy v. Missouri*, 144 S. Ct. 1972, 1986, 1995 (2024).  Here, Plaintiffs essentially request an injunction ordering Defendants to do their best to convince Color to do something.  But determining whether that injunction is likely to redress Plaintiffs' alleged injuries requires us to speculate about whether Color will choose to do what Defendants request—the very kind of exercise that cannot establish

3

redressability.  Color has no legal duty to abide by an injunction directed at Defendants in a case in which Color is not a party, and Plaintiffs have provided no reason to believe Defendants can force Color to do anything.  *See id.* at 1995 ("The platforms are 'not parties to the suit, and there is no reason they should be obliged to honor an incidental legal determination the suit produced.'" (quoting *Lujan*, 504 U.S. at 596)).  There is also no reason to believe Defendants have the power to rescind the agreement with Color, which is between Color and the California Department of Public Health, and under which Color does not appear to be making any money from Defendants—because the testing policy ended before this suit began.

For the foregoing reasons, we **AFFIRM** the dismissal without prejudice.